UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

54TH STREET, LLC and PIGGLY WIGGLY
MIDWEST, LLC,
      Plaintiffs,

    v.                                                                  Case No. 19-CV-910

CITI TRENDS, INC.,
      Defendant.
_____

## ORDER REGARDING CONFIDENTIALITY

      The parties to this action have filed a stipulated protective order in which they agree to keep certain discovery materials confidential, which I will sign. However, I am issuing this separate order to remind the parties of certain aspects of this court's local rules that apply when a party files confidential materials with the court.

      The relevant local rules are General Local Rule 79(d) and Civil Local Rule 26(e)–(f). General Local Rule 79(d) governs confidential matters and sealed records. The rule states that, subject to certain limited exceptions, the court will consider all filed materials public unless they are accompanied by a separate motion to seal. Gen. L. R. 79(d)(1), (d)(5). The separate motion must be publicly filed and must describe the general nature of the information withheld from the public record. Rule 79(d)(2). "To the extent possible, the movant should include with the public filing a version of the document or material that redacts only those portions of the document that are subject to the sealing request." *Id.* Importantly, the rule contains a meet-and-confer requirement: "Any party seeking to file confidential documents or materials under seal, whether pursuant to a Court-approved protective order or otherwise, must include in the motion a certification that the parties

have conferred in a good faith attempt to avoid the motion or to limit the scope of the documents or materials subject to sealing under the motion." Rule 79(d)(4).

The rule also provides that "[a]ny motion to seal must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record." Rule 79(d)(3). The rule then outlines a procedure that allows the party who originally designated the material as confidential to show good cause, even if that party is not the one that filed the motion to seal. *Id.* In civil litigation, good cause for removing a document from the public record will exist only if the document reveals a trade secret, is covered by a recognized privilege (such as the attorney-client privilege), or contains information required by statute to be maintained in confidence. *Baxter Int'l Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002).

Civil Local Rule 26(e)–(f) applies to confidentiality requests involving discovery materials in a civil case. Rule 26(f) states that a party seeking to file confidential discovery materials with the court must follow General Rule 79(d), even if the material was designated as confidential pursuant to a protective order. The comments to Civil Rule 26 state that "[t]he designation of a paper as confidential under the terms of a protective order is not sufficient to establish the basis for filing that document under seal." Rather, the party seeking to withhold the document from the public record must still demonstrate good cause under General Rule 79(d), *i.e.*, that the material reveals a trade secret or other information that may be withheld from the public record.

The parties are advised to make careful note of the above rules and be sure to follow them when filing confidential materials with the court. In particular, the parties should be sure that any motion to seal: (1) is accompanied by a certification that the parties have conferred as required by General Rule 79(d)(4); and (2) is accompanied by

a redacted copy of the confidential material that is available to the public. Further, the parties should be sure that the appropriate party demonstrates good cause for removing the material from the public record. If the movant is the party who designated the material as confidential, the movant must ensure that the motion to seal demonstrates good cause. If the party who designated the material as confidential is the non-movant, then that party must file a response to the motion in which good cause is shown. A party does not show good cause simply by noting that the material was designated confidential pursuant to a protective order. Rather, to show good cause, the party must show that the material reveals a trade secret or other information that may be withheld from the public record.

> Having explained the legal requirements . . . the court will . . . deny outright any motion [to seal] . . . that does not analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Motions that represent serious efforts to apply the governing rules will be entertained favorably, and counsel will be offered the opportunity to repair shortcomings. Motions that simply assert a conclusion without the required reasoning, however, have no prospect of success.

*Baxter*, 297 F.3d at 548.

The parties are hereby advised that if they do not comply with the above rules when filing confidential materials, the court will deny the motion to seal and require the Clerk of Court to make the materials available to the public.

**SO ORDERED** at Milwaukee, Wisconsin, this 16th day of October, 2019.

                                                      s/Lynn Adelman_____
                                                     LYNN ADELMAN
                                                     District Judge